IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **0:26-cv-61910-MD**

**MICHAEL PHILLIPS**,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

**GJD STARS INC. d/b/a AMERICAN
MERCHANT GROUP**,

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, GJD STARS INC. d/b/a AMERICAN MERCHANT GROUP, by and through

undersigned counsel, hereby files this response to the Complaint and states:

### PRELIMINARY STATEMENT

1.     The cited authority speaks for itself. Otherwise, DENIED.

2.     The cited authority speaks for itself. Otherwise, DENIED.

3.     The cited authority speaks for itself. Otherwise, DENIED.

### NATURE OF THE CLAIM

4.     DENIED.

5.     DENIED.

6.     DENIED.

### JURISDICTION AND VENUE

7.     ADMITTED that this Court has jurisdiction. Otherwise, DENIED.

8.     ADMITTED that this Court has personal jurisdiction and that venue in this District is proper. Otherwise, DENIED.

## PARTIES

9.     Without knowledge and therefore DENIED.

10.    ADMITTED.

11.    DENIED.

## FACTS

12.    DENIED.

13.    DENIED.

14.    DENIED.

15.    DENIED.

16.    DENIED.

17.    Without knowledge and therefore DENIED.

18.    Without knowledge and therefore DENIED.

19.    DENIED.

20.    DENIED.

21.    DENIED.

22.    DENIED.

## CLASS ALLEGATIONS

23.    DENIED.

24.    DENIED.

25.    DENIED.

26.    DENIED.

2

27.     DENIED.

28.     DENIED.

29.     DENIED.

30.     DENIED.

31.     DENIED.

32.     DENIED.

33.     DENIED.

34.     DENIED.

## COUNT I
### VIOLATION OF 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1601(e)(1)
### (On Behalf of Plaintiff and the Caller ID Class)

35.     Defendant reasserts its answers to the reincorporated paragraphs.

36.     The cited authority speaks for itself. Otherwise, DENIED.

37.     The cited authority speaks for itself. Otherwise, DENIED.

38.     DENIED

39.     DENIED.

40.     DENIED.

Defendant DENIES that Plaintiff is entitled to any of the relief requested. Any and all allegations not expressly admitted herein are DENIED.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

Plaintiff's claims are premised upon the receipt of text messages constituting a violation of 47 U.S.C. §227(c) and its implementing regulations. However, text messages plainly do not fall within the ambit of §227(c). See, e.g., *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195, at *1

3

(N.D. Fla. Aug. 26, 2025) (dismissing TCPA claim with prejudice "because a text message is not a 'telephone call,'" under Section 227(c) and, therefore, the plaintiff failed to state a plausible TCPA claim).

***Second Affirmative Defense***

Defendant asserts that it rigorously and in good faith complies with all applicable State, Federal, and local laws and regulations concerning the TCPA and 47 C.F.R. § 64.1200.

***Third Affirmative Defense***

Plaintiff's and putative class members' claims are barred by the doctrines of unclean hands, estoppel, and equitable estoppel where, upon information and belief, Plaintiff solicited and/or encouraged the alleged calls described in the Complaint for the purpose of generating a lawsuit against Defendant and alleging claims of a putative class as leverage to exact a settlement for personal benefit in an amount vastly exceeding any damages that could ever be claimed for the individual claims.

As is becoming a deepening trend around the nation, Plaintiff, like many others, "…continue[] to exploit the TCPA and its state equivalents to seek out large paydays from legitimate businesses—without corresponding or meaningful benefits for consumers." U.S. Chamber of Commerce Institute for Legal Reform, *Expanding Litigation Pathways: TCPA Lawsuit Abuse Continues in the Wake of Duguid*, https://instituteforlegalreform.com/wp-content/uploads/2024/04/ILR-Expanding-Litigation-Pathways-April-2024.pdf (April 2024 ed.). "…[I]n many cases the plaintiffs' goal is not to win on the merits. Instead, the objective is to prolong litigation, which increases the prospect of a settlement payday and lucrative attorneys' fees." *Id.* The majority of the lawsuit abuse identified in said publication is fueled by a handful of law firms and professional plaintiffs. *Id.* at Appendix A.

4

*Fourth Affirmative Defense*

Plaintiff's and putative class members' claims are barred because Plaintiffs did not suffer any concrete harm or actual injury.

*Fifth Affirmative Defense*

Plaintiff's claims are barred because Plaintiff and putative class members did not suffer any concrete harm separate and apart from a violation of the TCPA and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and putative class members therefore lack standing.

*Sixth Affirmative Defense*

Plaintiff's and putative class members' claims are barred because the imposition on Defendant of statutory damages and/or exemplary/punitive damages under the TCPA, within the context of a class action, is violative of Defendant's constitutional rights under the Due Process provisions of the United Statutes Constitution and the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

*Seventh Affirmative Defense*

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf.

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995). See also, *Bais Yaakov of Spring Valley v. ACT, INC.*, 328 F.R.D. 6, 14 (D. Mass. 2018), aff'd, 12 F.4th 81 (1st Cir. 2021).

### Eighth Affirmative Defense

Plaintiff's claims and claims of putative class members are barred by the doctrine of ratification.

### Ninth Affirmative Defense

Plaintiff's and putative class members' claims are barred by the Doctrine of *In Pari Delicto*.

### Tenth Affirmative Defense

Plaintiff and putative class members have not alleged any plausible facts to establish that Defendant has acted intentionally, maliciously, willfully, knowingly, recklessly, negligently, or under a false pretense in any of its alleged conduct, and therefore Plaintiff's and putative class members' claims are barred from recovering treble damages under the TCPA.

### Eleventh Affirmative Defense

Plaintiffs' putative class action claims are barred because Plaintiffs cannot satisfy the requirements to certify or maintain a class action under Federal Rule of Civil Procedure 23.

### Twelfth Affirmative Defense

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA.

### Thirteenth Affirmative Defense

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

To the extent any violation occurred, it resulted from a bona fide error, notwithstanding procedures reasonably adapted and designed to avoid such errors, and Defendant had a good faith belief that Plaintiff and putative class members had consented to receive the telephone calls alleged in the Complaint. Therefore, any violation was not willing or knowing.

***Fourteenth Affirmative Defense***

Plaintiff's and putative class members' alleged damages and Defendant's liability, if any, are incapable of proof on a class-wide basis.

***Fifteenth Affirmative Defense***

Plaintiffs' claims are barred in whole or in part because of their failure to mitigate damages, if any.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

**REINER & REINER, P.A.**
*Counsel for Defendant*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
*efile@reinerslaw.com; eservice@reinerslaw.com*

By: _____
   **DAVID P. REINER, II**; FBN 416400

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **July 13, 2026**, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____
**DAVID P. REINER, II**; FBN 416400

**Service List (via email):**

**THE LAW OFFICES OF JIBRAEL S. HINDI**
1515 NE 26th Street
Wilton Manors, Florida 33305
Ph.: 813-340-8838
**ALINA O'CONNOR, ESQ.**
alina@jibraellaw.com
**SAMUEL J. AWAD, ESQ.**
samuel@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
zane@jibraellaw.com
**JOSEPH A. LOOCHKARTT, ESQ.**
joseph@jibraellaw.com
*Counsel for Plaintiff*

8